# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BEST, | Case No. 1:19-cv-00026-JLT (HC) |
| Petitioner, | ORDER DISMISSING PETITION WITH LEAVE TO FILE FIRST AMENDED PETITION |
| v. | |
| S. LAKE, Warden, | [THIRTY-DAY DEADLINE] |
| Respondent. | |

Petitioner is a federal prisoner currently incarcerated at the United States Penitentiary at Atwater, California (USP Atwater). On January 7, 2019, he filed a federal petition challenging two prison disciplinary proceedings conducted on August 3, 2016, and December 31, 2017. (Doc. 1 at 4, 6.) Because it appears that the Court lacks jurisdiction and that Petitioner has failed to exhaust his administrative remedies, the Court will DISMISS the petition with leave to file a First Amended Petition.

## BACKGROUND

On June 26, 2016, Petitioner received an incident report for violating Prohibited Act 208 for interfering with a security device, mechanism, or procedure, and Prohibited Act 307 for refusing to obey an order of any staff member. (Doc. 1 at 2.) On August 3, 2016, Petitioner was found guilty of these acts in a prison disciplinary hearing. (Doc. 1 at 3.) He contends that his due process rights were violated when the hearing officer denied him the staff representative of

1

his choosing, and when the officer refused to allow his staff representative the opportunity to review camera footage. (Doc. 1 at 3-4.) Petitioner challenged the outcome by appealing to the Western Regional Office. (Doc. 1 at 4.) The Western Regional Office in turn directed the hearing officer to reconsider the appeal. (Doc. 1 at 4.) Petitioner states the institution ignored the appeal, so he again sought relief at the Western Regional Office. (Doc. 1 at 4.) The Western Regional Office responded that they agreed with the institution; however, the institution's response had been to check with the regional office. (Doc. 1 at 4.) Subsequently, his documents started getting erased. Petitioner claims his case is being intentionally mishandled.

In a separate incident, on November 8, 2017, during the noon meal Petitioner noticed a foreign substance inside his food which he describes as "snot" or "spit." (Doc. 1 at 4.) He contacted an officer to notify the unit lieutenant and report the incident. (Doc. 1 at 4.) While waiting for the officer's attention, Petitioner overheard other inmates also complaining about foreign materials in their meal trays. (Doc. 1 at 4.) Eventually the lieutenant made his rounds but he ignored the complaints. (Doc. 1 at 4-5.) Petitioner then began to fast to avoid eating contaminated food and to draw attention to the meal problems. (Doc. 1 at 5.)

On November 9, 2017, Petitioner received an incident report for violating Prohibited Act 212 for engaging in a group demonstration because he had refused his meals. (Doc. 1 at 5.) On December 31, 2017, the hearing officer conducted a prison disciplinary hearing on the alleged violation and found Petitioner guilty. (Doc. 1 at 6) Petitioner claims his due process rights were violated because there is nothing in the inmate handbook, rules or regulations stating that an inmate is prohibited from refusing to eat or accept a meal tray. (Doc. 1 at 6.) He claims that the regulation in question is unconstitutionally vague. (Doc. 1 at 6.) He also claims that he was denied a staff representative even though he requested one. (Doc. 1 at 6.)

**DISCUSSION**

**A.    Jurisdiction**

Writ of habeas corpus relief extends to a person in custody under the authority of the United States.  See 28 U.S.C. § 2241.  While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). To receive relief under 28 U.S.C. § 2241 a petitioner in federal custody must show that his sentence is being executed in an illegal, but not necessarily unconstitutional, manner. See, e.g., Clark v. Floyd, 80 F.3d 371, 372, 374 (9th Cir. 1995) (contending time spent in state custody should be credited toward federal custody); Jalili, 925 F.2d at 893-94 (asserting petitioner should be housed at a community treatment center); Barden, 921 F.2d at 479 (arguing Bureau of Prisons erred in determining whether petitioner could receive credit for time spent in state custody); Brown, 610 F.2d at 677 (challenging content of inaccurate pre-sentence report used to deny parole).

Petitioner does not state that he suffered any consequences due to the two disciplinary hearings. He does not state that the length of his sentence was affected in any way. Thus, Petitioner is not entitled to relief under § 2241. It is possible that Petitioner suffered consequences but simply failed to include this information. Therefore, the Court will provide Petitioner an opportunity to file a First Amended Petition to cure this defect. However, if Petitioner has not suffered any consequences affecting the length of his sentence, the Court is without jurisdiction to consider his claims.

**B.    Venue**

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. Brown, 610 F.2d at 677. Although these incidents occurred in Victorville, Petitioner is now in the custody of the Bureau of Prisons at USP Atwater, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

**C.    Exhaustion**

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. Brown v. Rison,

895 F.2d 533, 535 (9th Cir.1990); <u>Chua Han Mow v. United States</u>, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. <u>See</u> <u>United States v. Mathis</u>, 689 F.2d 1364, 1365 (11th Cir.1982). It appears that Petitioner has attempted to exhaust his administrative remedies with respect to the 2016 disciplinary hearing; however, he does not state whether he has sought any administrative remedies concerning his 2017 hearing. Again, it is possible Petitioner simply neglected to provide this information, so he will be granted an opportunity to do so in a First Amended Petition.

## ORDER

Accordingly, the petition for writ of habeas corpus is DISMISSED with leave to amend. Petitioner is GRANTED thirty days from the date of service of this Order to file an amended petition. The petition should be titled, "First Amended Petition," and it must reference the instant case number. Petitioner is forewarned that failure to comply with this Order will result in a recommendation that the action be DISMISSED.

IT IS SO ORDERED.

Dated:   **January 10, 2019**              **/s/ Jennifer L. Thurston**
                                        UNITED STATES MAGISTRATE JUDGE