# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JASON BEST,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>S. LAKE, Warden,<br><br>　　　　Respondent. | Case No. 1:19-cv-00026-DAD-JLT (HC)<br><br>ORDER CONSTRUING FIRST AMENDED PETITION AS MOTION TO AMEND<br>[Doc. 10]<br><br>ORDER GRANTING MOTION TO AMEND PETITION<br><br>ORDER VACATING ORDER DISMISSING PETITION<br><br>ORDER DIRECTING RESPONDENT TO FILE RESPONSE |

　　　　Petitioner is a federal prisoner currently incarcerated at the United States Penitentiary at Atwater, California (USP Atwater). On January 7, 2019, he filed a federal petition challenging two prison disciplinary proceedings conducted on August 3, 2016, and December 31, 2017. (Doc. 1 at 4, 6.) Because it appeared that the Court lacked jurisdiction and that Petitioner had failed to exhaust his administrative remedies, the Court ordered the petition dismissed with leave to file a First Amended Petition. (Doc. 4.) On February 4, 2019, Petitioner filed a pleading he titled "First Amended Petition"; however, the pleading is not a complete petition. (Doc. 10.) The pleading is instead an attempt to amend the original petition by addressing the deficiencies noted by the Court. The Court will therefore construe the filing as a motion to amend the petition and

1

grant the motion. In addition, in light of Petitioner's averments in his motion, it appears that the Court has jurisdiction. Therefore, the Court will direct Respondent to file a responsive pleading to the petition.

**BACKGROUND**

On June 26, 2016, Petitioner received an incident report for violating Prohibited Act 208 for interfering with a security device, mechanism, or procedure, and Prohibited Act 307 for refusing to obey an order of any staff member. (Doc. 1 at 2.) On August 3, 2016, Petitioner was found guilty of these acts in a prison disciplinary hearing. (Doc. 1 at 3.) He states he was fined $30.00 and sanctioned with phone and commissary restrictions. (Doc. 10 at 2.) He contends that his due process rights were violated when the hearing officer denied him the staff representative of his choosing, and when the officer refused to allow his staff representative the opportunity to review camera footage. (Doc. 1 at 3-4.) Petitioner challenged the outcome by appealing to the Western Regional Office. (Doc. 1 at 4.) The Western Regional Office in turn directed the hearing officer to reconsider the appeal. (Doc. 1 at 4.) Petitioner states the institution ignored the appeal, so he again sought relief at the Western Regional Office. (Doc. 1 at 4.) The Western Regional Office responded that they agreed with the institution; however, the institution's response had been to check with the regional office. (Doc. 1 at 4.) Subsequently, his documents started getting erased. Petitioner claims his case is being intentionally mishandled.

In a separate incident, on November 8, 2017, during the noon meal Petitioner noticed a foreign substance inside his food which he describes as "snot" or "spit." (Doc. 1 at 4.) He contacted an officer to notify the unit lieutenant and report the incident. (Doc. 1 at 4.) While waiting for the officer's attention, Petitioner overheard other inmates also complaining about foreign materials in their meal trays. (Doc. 1 at 4.) Eventually the lieutenant made his rounds but he ignored the complaints. (Doc. 1 at 4-5.) Petitioner then began to fast to avoid contaminated food and to draw attention to the meal problems. (Doc. 1 at 5.)

On November 9, 2017, Petitioner received an incident report for violating Prohibited Act 212 for engaging in a group demonstration because he had refused his meals. (Doc. 1 at 5.) On December 31, 2017, the hearing officer conducted a prison disciplinary hearing on the alleged

violation and found Petitioner guilty. (Doc. 1 at 6) He was fined $25.00. (Doc. 10 at 2.) Petitioner claims his due process rights were violated because there is nothing in the inmate handbook, rules or regulations stating that an inmate is prohibited from refusing to eat or accept a meal tray. (Doc. 1 at 6.) He claims that the regulation in question is unconstitutionally vague. (Doc. 1 at 6.) He also claims that he was denied a staff representative even though he requested one. (Doc. 1 at 6.)

**DISCUSSION**

### A. Jurisdiction

Writ of habeas corpus relief extends to a person in custody under the authority of the United States. See 28 U.S.C. § 2241. While a federal prisoner who wishes to challenge the validity or constitutionality of his conviction must bring a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a petitioner challenging the manner, location, or conditions of that sentence's execution must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241. See, e.g., Brown v. United States, 610 F.2d 672, 677 (9th Cir. 1990); Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998); Kingsley v. Bureau of Prisons, 937 F.2d 26, 30 n.5 (2nd Cir. 1991); United States v. Jalili, 925 F.2d 889, 893-94 (6th Cir. 1991). In this circuit, unlike § 2254 the habeas remedy of § 2241 is not restricted to claims involving only the fact or duration of confinement; rather, it is available for claims concerning the manner of execution of a sentence. See, e.g., Rodriguez v. Smith, 541 F.3d 1180 (9th Cir. 2008) (a statutory challenge to the BOP's failure to transfer an inmate to a residential reentry center was considered pursuant to § 2241 without a discussion of jurisdiction); United States v. Lemoine, 546 F.3d 1042 (9th Cir. 2008) (a challenge on constitutional and statutory grounds to the BOP's requirement that an inmate pay restitution at a higher rate than the sentencing court had ordered was considered pursuant to § 2241 without a discussion of jurisdiction); Montano–Figueroa v. Crabtree, 162 F.3d 548, 549–50 (9th Cir. 1998) (a challenge on constitutional and statutory grounds to the BOP's program for determining the amount and timing of payment by inmates of court-ordered fines was considered pursuant to § 2241 without a discussion of jurisdiction). Accordingly, § 2241 may be used to challenge the execution of a prisoner's sentence, even where the prisoner does not seek release or to shorten the duration of his confinement.

Petitioner states he has been found guilty in two disciplinary actions, and in both cases he was fined. He states he was also sanctioned with loss of commissary and telephone privileges. Since Petitioner is challenging the manner of the execution of his sentence, it appears the Court has subject matter jurisdiction.

**B. Venue**

A petitioner filing a petition for writ of habeas corpus under 28 U.S.C. § 2241 must file the petition in the judicial district of the petitioner's custodian. <u>Brown</u>, 610 F.2d at 677. Although these incidents occurred in Victorville, Petitioner is now in the custody of the Bureau of Prisons at USP Atwater, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a); 2241(d). Therefore, venue is proper in this Court.

**C. Exhaustion**

A petitioner who is in federal custody and wishes to seek habeas relief pursuant to 28 U.S.C. § 2241 must first exhaust available administrative and judicial remedies. <u>Brown v. Rison</u>, 895 F.2d 533, 535 (9th Cir.1990); <u>Chua Han Mow v. United States</u>, 730 F.2d 1308, 1313 (9th Cir.1984). It is only after a petitioner has fully exhausted his administrative remedies that he becomes entitled to present his claims to the federal court. <u>See</u> <u>United States v. Mathis</u>, 689 F.2d 1364, 1365 (11th Cir.1982). It appears that Petitioner has attempted to exhaust his administrative remedies with respect to the 2016 disciplinary hearing. He also states he fully exhausted his administrative remedies concerning his 2017 hearing before filing the instant petition. Thus, it appears the petition is exhausted.

**ORDER**

Accordingly, the Court **ORDERS**:

1) Petitioner's filing entitled "First Amended Petition" (Doc. 10) is **CONSTRUED** as a motion to amend the petition to include additional information;

2) Petitioner's motion is **GRANTED**;

3) The order dismissing the petition (Doc. 4) is **VACATED**;

4) Respondent **SHALL** respond to the merits of the Petition **within 60 days** of the date of service of this order. Respondent shall include with the response any transcripts or

other documents relevant to the resolution of the issues presented in the petition, including copies of appeals taken by a prisoner within the prison and before the Bureau of Prisons.[1] Rule 5 of the Rules Governing Section 2254 Cases.

5) Petitioner's traverse, if any, is due **on or before 30 days** from the date Respondent's Answer is filed.

All motions shall be submitted on the record and briefs filed without oral argument unless otherwise ordered by the Court. Local Rule 230(h). All provisions of Local Rule 110 are applicable to this Order.

IT IS SO ORDERED.

Dated: **February 6, 2019**        **/s/ Jennifer L. Thurston**
UNITED STATES MAGISTRATE JUDGE

---

[1] In the event Respondent is unable to obtain a photocopy of prisoner appeals and intends to file a computerized printout of the disposition, Respondent must also provide the Court with translation of the internal codes used in the printout. To the extent the claims concern prison policy and procedure not accessible to the court by electronic means (Westlaw/Lexis), Respondent must provide the Court with a photocopy of all prison policies and/or procedures at issue in the case. This includes any internal prison policies of which a prisoner complains and is subject to.